UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| LEVAN KING, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. 08-217-ART |
| | ) | |
| v. | ) | |
| | ) | |
| HOUSEHOLD FINANCE CORPORATION | ) | **MEMORANDUM OPINION AND** |
| II, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This case was originally filed in Letcher Circuit Court on October 21, 2008.  R. 1., Ex. 1 at

5.  On November 21, 2008, the case was removed to this Court on the basis of diversity jurisdiction

under 28 U.S.C. § 1332.  R. 1.  Shortly thereafter, the plaintiffs filed a "Response and Objection to

Removal," R. 4, which this Court interprets as a motion to remand for lack of subject matter

jurisdiction.  However, even if this "Response and Objection" could not be interpreted as a motion

to remand, this Court would still have an obligation to determine *sua sponte* whether subject matter

jurisdiction exists.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v.

Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).  Therefore, the issue of subject matter jurisdiction is

properly before the Court regardless of how the plaintiffs' "Response and Objection" is construed.

After having carefully considered the issue, the Court finds that subject matter jurisdiction is lacking

here.  As a result, the case must be remanded to state court pursuant to 28 U.S.C. § 1447©.

When a case is removed to federal court on the alleged basis of diversity jurisdiction, the

federal court will not have subject matter jurisdiction over the case unless there is complete diversity

of citizenship between the parties and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332; *Medlen v. Estate of Meyers*, 273 F. App'x 464, 469 (6th Cir. 2008).[1] The burden of proving these two requirements falls to the defendants, who must demonstrate the existence of these requirements by a preponderance of the evidence. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006) (quoting *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993)). If the defendants fail to satisfy this burden with respect to either requirement, then the federal court is without subject matter jurisdiction to hear the case. Here, the defendants have failed to show that the $75,000 amount-in-controversy requirement is satisfied.

In cases like the one at hand, "where the plaintiff seeks to recover some *unspecified* amount that is not self-evidently greater or less than the federal amount-in-controversy requirement," the defendants must prove that it is more likely than not that the plaintiffs' claims exceed $75,000. *Gafford*, 997 F.2d at 158. Thus, the defendants must affirmatively come forward with competent proof showing that the amount-in-controversy requirement is satisfied. *Id.* at 160. Mere averments are not enough. *Id.* Nevertheless, mere averments are all that the defendants have relied on in trying to establish the amount-in-controversy requirement in this case. In their notice of removal, the defendants stated that "[u]pon reasonable information and belief, as pleaded in plaintiffs' Complaint, the amount in controversy in this action exceeds the sum of $75,000 . . . ." R. 1 at 2. The defendants also stated that, in light of the plaintiffs' claims for compensatory damages, punitive damages, and attorney fees, "it is clear that the amount in controversy threshold is met." *Id.* These statements, however, do nothing to satisfy the defendants' burden because simply saying that the amount-in-

---

[1] Unpublished decisions of the Sixth Circuit are not binding under the doctrine of stare decisis. *United States v. Sanford* , 476 F.3d 391, 396 (6th Cir. 2007). Accordingly, the Court considers such decisions for their persuasive value only. *See id.*

controversy requirement is met does not make it so.  In other words, these statements are nothing more than mere averments that are not supported by any actual evidence bearing on the issue of the amount in controversy.  Finally, the defendants have also pointed out that the plaintiffs' complaint explicitly states that they are seeking attorney fees, costs, and expenses in an amount not to exceed $75,000.  According to the defendants, the lack of such explicit limitations with respect to the plaintiffs' other claims must necessarily means that the plaintiffs are seeking an amount greater than $75,000 in those claims.  This reasoning, however, is manifestly illogical.  The fact that limitations are not placed on some of the claims does not necessarily mean that those claims exceed $75,000.

In short, the defendants have produced no evidence to support their assertions that the amount-in-controversy requirement is satisfied in this case.[2]  As a result, their assertions are nothing more than pure speculation, which is obviously not enough to permit this Court to find that the defendants have established the amount-in-controversy requirement by a preponderance of the evidence.  *See Gafford*, 997 F.2d at 160 ("The prerequisites to the exercise of jurisdiction are

---

[2]Such evidence is not hard to obtain.  For example, as this Court has said before, such evidence can be acquired through pre-removal interrogatories.  *See, e.g., Marcum v. State Farm Mut. Auto. Ins. Co.*, No. 6:07-269-DCR, 2007 WL 2461623, at *3 (E.D. Ky. Aug. 22, 2007).  It can also be acquired through pre-removal requests for admissions.

Defendants often argue that requiring them to engage in discovery with respect to the amount in controversy places them in a Catch-22 because they cannot possibly conduct discovery in time to comply with the 30-day removal deadline.  This argument, however, ignores a key portion of the removal statute.  If a case is not removable based solely on the information contained in the complaint, the 30-day deadline runs from the date on which the case becomes removable, not the date on which the defendant was served.  *See* 28 U.S.C. § 1446(b).  Thus, when a complaint fails to allege the amount in controversy, the defendant will have ample opportunity to engage in the appropriate discovery because the 30-day removal deadline will not start to run until the defendant receives discovery responses showing that the amount in controversy exceeds the jurisdictional amount.  *See Wood v. Malin Trucking, Inc.*, 937 F. Supp. 614, 616 (E.D. Ky. 1995) (citing *Ellis v. Logan Co.*, 543 F. Supp. 586, 589 (W.D. Ky. 1982); *Miller v. Stauffer Chem. Co.*, 527 F. Supp. 775, 778 (D. Kan. 1981); *Fleming v. Colonial Stores, Inc.*, 279 F. Supp. 933, 934 (N.D. Fla. 1968)).

specifically defined and the plain import of the statute is that the District Court is vested with authority to inquire at any time whether these conditions have been met.  They are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor. He must allege in his pleading the facts essential to show jurisdiction.").  Therefore, this case must be remanded to the state court from which it was removed because the defendants have not demonstrated that this Court has subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

Remand is also called for because the plaintiffs have stipulated that the amount in controversy does not exceed $75,000.  In *Cole v. Great Atl. & Pac. Tea Co.*, 728 F. Supp. 1305, 1308-09 (E.D. Ky. 1990), this Court held that a post-removal stipulation as to the amount in controversy will preclude the existence of subject matter jurisdiction where—as here—the complaint has pled an unliquidated amount of damages and the defendant has offered nothing more than speculation as to the amount in controversy.  Because *Cole* is indistinguishable from this case, its holding should be applied here.  Therefore, the plaintiffs' stipulation provides an additional reason for remanding the case.

The defendants suggest that *Cole* is in conflict with Supreme Court and Sixth Circuit precedent, but they are not correct.  To be sure, the Supreme Court and the Sixth Circuit have held that "[b]ecause jurisdiction is determined as of the time of removal, events occurring after removal that reduce the amount in controversy do not oust jurisdiction."  *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000); *see also Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938).  However, this rule is not at odds with the holding of *Cole*.  In *Cole*—as in the case at hand—the amount in controversy was not established in the complaint, nor did the defendant offer any evidence as to the amount in controversy.  Therefore, the stipulation in *Cole* did

not *reduce* the amount in controversy, but instead established it for the first time. *See Cole*, 728 F. Supp. at 1309. The same is true here. *Saint Paul Mercury* and *Rogers*, on the other hand, are fundamentally different because they involved situations where an amount in controversy was established at the time of removal, but events occurring after removal reduced the respective amounts below the jurisdictional threshold. Specifically, *Saint Paul Mercury* presented a situation in which the complaint recited a claim for damages that was greater than the jurisdictional amount, but following removal, an amended complaint was filed with an exhibit showing that the amount in controversy was actually below the jurisdictional amount. *See Saint Paul Mercury*, 303 U.S. at 285. In *Rogers*, the complaint recited a claim for damages that was below the jurisdictional amount, but the removing defendant presented specific evidence showing that the amount in controversy actually exceeded the jurisdictional amount. *See Rogers*, 230 F.3d at 870. Following removal, the plaintiff in *Rogers* stipulated that the amount in controversy did not exceed the jurisdictional amount. *See id.*

In addition, the approach taken in *Cole* is consistent with the rule that "the determination of federal jurisdiction in a diversity case is made as of the time of removal." *Rogers*, 230 F.3d at 871 (citing *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996)). In every removed case, there exists an amount in controversy at the time of removal. In evaluating the existence of diversity jurisdiction, it is this Court's job to determine what that amount is. If the only evidence offered to establish this valuation is a stipulation from the plaintiffs, then the Court would have to conclude that the amount in controversy at the time of removal was the amount provided in the plaintiffs' stipulation.

Finally, the equitable considerations present in *Saint Paul Mercury* and *Rogers* were not present in *Cole*, and likewise are not present in this case. In *Rogers*, the Sixth Circuit noted that

5

remand was inappropriate because "[i]f plaintiffs were able to defeat jurisdiction by way of a post-removal stipulation, they could unfairly manipulate proceedings merely because their federal case begins to look unfavorable." *Id.* at 872. Similarly, in *Saint Paul Mercury*, the Supreme Court found that "[i]f the plaintiff could, no matter how bona fide his original claim in state court, reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice." *See Saint Paul Mercury*, 303 U.S. at 294. No such manipulation was present in *Cole*, nor is it present in this case either. To the contrary, remanding this case based on the plaintiffs' stipulation is entirely fair because the defendants had ample opportunity to establish the amount in controversy through such means as interrogatories and requests for admissions, but they failed to do so. When defendants are "faced with a complaint effectively silent as to damages, [they] should make an independent inquiry as to the extent of the damages or run the risk of remand when the plaintiff, as here, provides that information." *Cole*, 728 F. Supp. at 1309 (citing *Robinson v. Quality Ins. Co.*, 633 F. Supp. 572 (S.D. Ala. 1986); *Kaneshiro v. N. Am. Co. for Life & Health Ins.*, 496 F. Supp. 452, 462 (D. Haw. 1980)).

Thus, Supreme Court and Sixth Circuit precedent do not preclude this Court from following *Cole*. However, from a practical standpoint, *Cole* is of no consequence because this case would have to be remanded solely on the basis of the defendants' failure to offer any evidence with respect to the amount in controversy. In other words, this case would have to be remanded regardless of whether the plaintiffs had made their stipulation.

Accordingly, it is hereby **ORDERED** that this case is **REMANDED** to state court.  All pending motions shall be **DENIED AS MOOT**, and the case shall be **STRICKEN** from the Court's active docket.

This the 16th day of January, 2009.

**Signed By:**

**_Amul R. Thapar_** AT

**United States District Judge**